```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ERIC ORTIZ,                                       :
                         Petitioner,              :
                                                  :
              -against-                           :         MEMORANDUM AND ORDER
                                                  :            06-cr-532 (DLI)
UNITED STATES OF AMERICA,                         :            14-cv-4230 (DLI)
                                                  :
                         Respondent.              :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, Chief United States District Judge:**

On July 10, 2014, then *pro se* Petitioner Eric Oritz ("Petitioner") filed a motion to "vacate, set aside, or correct his sentence" pursuant to 28 U.S.C. § 2255 ("Section 2255"). *See generally*, Dkt. Entry No. 1 ("Pet'r's Mot."). On October 2, 2015, Petitioner, through counsel, filed a motion to "Amend/Correct/Supplement" his motion contending his sentence violates the United States Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson*"). *See generally*, Dkt. Entry No. 7 ("Pet'r's Suppl. Mot."). The Government opposed this claim on October 27, 2015. *See generally*, Dkt. Entry No. 9 ("Gov't Opp'n to Suppl. Mot."). For the reasons set forth below, the Petition is denied in its entirety.

## BACKGROUND

On April 5, 2006, pursuant to the execution of a search warrant, NYPD officers entered Petitioner's apartment where it was believed he stored firearms. Gov't Opp'n to Suppl. Mot. at 1. Officers recovered drugs, including marijuana, cocaine, and heroin, an M-18 smoke grenade canister, a Kevlar helmet, a gas mask, five firearms and 332 rounds of ammunition. *Id.* On June 29, 2007, Petitioner pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and to possession of narcotics with intent to distribute, in violation of 18 U.S.C. § 841(a)(1). *Id.* at 2.

At sentencing, this Court found that Petitioner had two prior felony convictions for crimes of violence: a 2000 assault conviction in Rhode Island, and a 2006 attempted third degree burglary conviction in New York. *See United States v. Ortiz*, 621 F.3d 82, 84 (2d Cir 2010). Based on these two prior convictions, the Court set the base offense level for the firearms offense at 24 pursuant to § 2K2.1(a)(2) of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") in effect at the time of sentencing. *Id.* Had Petitioner sustained only one prior conviction for a crime of violence, the base offense level would have been set at 20. *Id.* The Court then added two levels for possession of three to seven firearms, and four levels due to the obliteration of one of the firearm's serial numbers. *Id.* These adjustments would have brought the offense level to 30, but the Guidelines were capped at 29. *Id.* The Court increased the capped offense level by four levels for possessing a firearm in connection with a drug felony offense, and subtracted three levels for acceptance of responsibility, resulting in an adjusted offense level of 30. *Id.* The Petitioner's Criminal History Category was VI, yielding a Sentence Guidelines Range ("SGR") of 168 to 210 months' imprisonment. On May 16, 2008, this Court sentenced Petitioner to a below Guidelines term of 120 months imprisonment, to be followed by 36 months of supervised release. Gov't Opp'n to Suppl. Mot. at 13.

Petitioner timely appealed his sentence, arguing that the Court incorrectly used his prior third degree burglary conviction to designate him a career offender. On September 1, 2010, the Second Circuit Court of Appeals affirmed Petitioners' sentence. *See United States v. Ortiz*, 621 F.3d at 82. On April 4, 2011, the Supreme Court denied his petition for a *writ of certiorari*. *Ortiz v. United States*, 131 S. Ct. 1813 (2011).

On July 10, 2014, proceeding *pro se*, Petitioner filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, in light of the United States Supreme Court's

decision in *Descamps v. United States*, 133 St. Ct. 2276 (2013).[1] *See* Pet'r's Mot. On October 2, 2015, Petitioner amended his Petition, with the assistance of counsel, seeking relief from his sentence on the additional ground that it violates the Fifth Amendment pursuant to the Supreme Court's decision in *Johnson*. *See* Pet'r's Suppl. Mot.. On December 9, 2016, Petitioner was released from prison and began serving his term of supervised release.

## DISCUSSION

I. **Legal Standard**

   A. **Section 2255**

Under Section 2255, "a sentencing court may vacate, set aside or correct a conviction or sentence imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. Relief generally is "available only for a constitutional error, defect of jurisdiction, or an error of law constituting a fundamental defect which inherently results in a complete miscarriage of justice." *Scala v. United States*, 2010 WL 3780320, at *1 (E.D.N.Y. Sept. 21, 2010) (citations and internal quotation marks omitted).

   C. **The *Johnson*, *Welch*, and *Beckles* Cases**

Under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), a defendant found to have committed three prior "violent felon[ies]" or "serious drug offense[s]," is subject to a mandatory minimum sentence of 15 years.[2] 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as follows:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that—

---

[1] Petitioner concedes that his claim under *Descamps* is now moot. (Pet'r's Suppl. Mot at 3, n. 3.) Accordingly, the Court will not address this claim further.

[2] It should be noted that Petitioner was not sentenced under ACCA. However, a discussion of ACCA is necessary to address Petitioner's *Johnson* claims.

3

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). Subsection (i) of the definition is known as the "force clause" and the latter half of subsection (ii) is known as the "residual clause."

In 2015, the Supreme Court struck the residual clause of the ACCA as unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson*"). The Court found that the residual clause had failed to provide "fair notice to defendants" and "invite[d] arbitrary enforcement by judges," because it both "leaves grave uncertainty about how to estimate the risk posed by a crime" and "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Johnson*, 135 S. Ct. at 2557-58. The Court found this "double-layered uncertainty" problematic because it required courts "first to estimate the potential risk of physical injury posed by 'a judicially imagined 'ordinary case' of [the] crime' at issue, and then to consider how this risk of injury compared to the risk posed by the four enumerated crimes, which are themselves, the Court noted, 'far from clear in respect to the degree of risk each poses.'" *United States v. Hill,* 832 F.3d 135, 145 (2d Cir. 2016) (quoting *Johnson*, 135 S. Ct. at 2557-58) (alterations in *Hill*). In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* applied retroactively on collateral review for defendants sentenced under the residual clause of the ACCA because it announced a new substantive rule.

Sections 4B1.1 and 4B1.2 of the Guidelines, under which Petitioner was sentenced, provide a sentencing enhancement for a defendant who meets the definition of a "career offender" (the "Career Offender Guideline"). The Career Offender Guideline contains a residual clause with

4

wording identical to the residual clause of the ACCA that the Supreme Court found unconstitutionally vague in *Johnson*. *See* U.S.S.G. § 4B1.2(a). However, in *Beckles v. United States*, 137 S. Ct. 886, 888 (2017), the Court determined that the Guidelines are not subject to a vagueness challenge under the Due Process Clause of the Fifth Amendment, and, accordingly, the residual clause in Section 4B1.2(a) is not void for vagueness. *Beckles*, 137 S. Ct. at 895.

## II. Analysis

Petitioner contends that his sentence violates the United States Supreme Court's decision in *Johnson*. *See generally*, Pet'r's Suppl. Mot. Notably, briefing of the instant motion was complete before the Supreme Court decided *Beckles* and, thus, did not address its implications.

With respect to *Johnson*, Petitioner's argument is that his sentence must be vacated because it was based on the Career Offender Guideline's residual clause, which he contends is unconstitutionally vague. *See* Pet'r's Suppl. Mot. III at 1. This argument fails because under *Beckles*, the Career Offender Guideline is not subject to void-for-vagueness challenges. *See Beckles*, 137 S. Ct. at 895; *see also United States v. Jones*, 878 F.3d 10, 14 (2d Cir. 2017).

Moreover, at the sentencing hearing the Court acknowledged the advisory nature of the guidelines and imposed a sentence significantly below the Guidelines recommendation. *See* Tr. of Sentencing, Dkt. Entry No. 9-1 at 33:9 ("sentencing guidelines are advisory"); 32:16-19 ("it's not about cookie-cutter justice, oh well, this is the crime and this is the criminal history…it's not about just going by some rote calculation.") The Second Circuit, in upholding this Court's sentence of Petitioner, noted the "generous deviation" from the Guidelines range. *Ortiz*, 621 F.3d at 88. The discretion the Court exercised in sentencing Petitioner is a prime example of why the Supreme Court found the due process implications of the residual clause in the U.S.S.G. to be distinct from the identical language in ACCA, which trigged a 15-year mandatory minimum.

Accordingly, Petitioner's argument for resentencing based on the *Johnson* decision fails in light of *Beckles*.

## CONCLUSION

For the reasons set forth above, Petitioner's Section 2255 motion is denied. Petitioner further is denied a certificate of appealability, as he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
    March 30, 2018

/s/
DORA L. IRIZARRY
Chief Judge